# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:17-cr-089
                                            Civil Case No. 1:22-cv-00541

                                            District Judge Susan J. Dlott
  -  vs  -                               Magistrate Judge Michael R. Merz

KEYSEAN DEARIS DICKEY,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This is an action under 28 U.S.C. § 2255 on a Motion to Vacate the conviction (ECF No. 308). It is ripe for decision on that Motion, the Response of the United States (ECF No. 328), and Defendant's Reply in support (ECF No. 329). The Motion to Vacate has been referred to the undersigned under Amended General Order 22-05 (ECF No. 338).

Defendant pleads one ground for relief:

> **Ground One:** Petitioner[1] was denied his Sixth Amendment right to the effective assistance of counsel during his sentencing proceeding.
>
> **Supporting Facts:** Petitioner's base offense level, for the offense of conviction, was improperly enhanced under the Sentencing Guidelines for uncharged but relevant conduct. Defense counsel failed to properly object to the enhancements, or to present

---

[1] Defendant refers to himself throughout as "petitioner." A movant under § 2255 does not file a "petition," but rather a "motion to vacate." All filings are made in the criminal case in which Dickey is properly denominated as "defendant." This Report will therefore use "defendant" as the term of reference.

1

appropriate arguments in opposion [sic] to the enhancements. Except for counsel's deficient performance, petitioner's sentence would have been reduced pursuant to a less significant base offense level.

Although the petitioner was not charged in a separate count with the substantive offense of possessing a firearm in furtherance of a controlled substance offense, his base offense level was enhanced by two points for the subject firearm found in the residence of one Chrisette Wade, who resided with her mother at: 4502 Williamsburg Rd. Cincinnati, Ohio. Ms. Wade's brother, also, resided there.

The subject firearm was discovered following a search by agents from the Drug Enforcement Agency, on June 26, 2017. The firearm was found in Ms. Wade's bedroom under the bed. It was a .57 Gal FN automatice [sic] pistol, with a single round in the chamber. Its serial #; 386148033. The petitioner is unaware of the reason for a search of Ms. Wade's residence since defense counsel failed to engage in any discussion with the petitioner concerning the "Discovery" material, or grand jury minutes, including permitting the petitioner to read and examine the search warrant or warrants. Thus, the petitioner is unaware of the basis for searching Ms. Wade's residence as he did not reside at her residence, or store any personal belongings at that location, or engage in any alleged drug sales or transactions at that address. In fact, wiretap recordings made by DEA Agents reveal that phone calls between the petitioner and Ms. Wade clearly demonstrate that he possessed no key to the apartment, nor that he spent any time there. Furthermore, no controlled substance was found in Ms. Wade's apartment as a result of the search on June 26, 2017. Although a white substance was seized from the basement area, lab tests failed to confirm the presence of any controlled substance. Therefore, no probable cause supported the search warrant. Defense counsel did not file a motion to suppress the firearm.

Defense counsel's failure to investigate the facts surrounding the subject firearm prevented him from mounting any objection to the two-point enhancement, otherwise, the Government could not have proved any connection between the firearm and the petitioner.

2

> Defense Counsel provided ineffective representation in regards to the quantity of Fentanyl attributable to the petitioner - Keysean Dearis Dickey. The controlled purchases executed by DEA Agents resulted in small quantities of Fentanyl being involved. Thus, any estimate that the petitioner was responsible for over 400 grams of Fentanyl was premised, exclusively, on speculation. A review of the sentencing proceedings from the charged co-conspirators demonstrates that the quantity attributable to the petitioner is inconsistent with the quantities for which those co-conspirators were held responsible. Defense counsel did not use the facts from those co-conspirators sentencing proceedings in order to support his objection to the quantity of Fentanyl that was attributable to this petitioner.
>
> Petitioner's defense attorney failed to mount any objection or challenge to the four points assigned to him for being a "Leader" of the charged conspiracy. The Petitioner held no position of control in any structured-type enterprise having at least five criminal "participants".  There was no evidence showing him dictating to whom the coconspirators sold, the prices charged, or location of trans actions. It takes far more to transform buyer-seller dealings, even when drugs are resold, into a role adjustment.

(Motion, ECF No. 308, PageID 1835 et seq.).

Dickey pleaded guilty in this case pursuant to a Plea Agreement (ECF No. 256) made under Fed. R. Crim. P. 11(c) in which the parties agreed that the appropriate sentence would be 180 months imprisonment. *Id.* at PageID 1457.  District Judge Black accepted the Plea Agreement and imposed the sentence agreed upon (Judgment, ECF No. 285).  Respondent notes that Dickey's Sentencing Guideline Range under the Presentence Investigation Report would have been 360 months to life imprisonment so that the agreed-upon and imposed sentence represented a 50% downward departure from the bottom of the Guideline range (Response, ECF No. 328, PageID 1905).

To prevail on a claim of ineffective assistance of trial counsel, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668 (1984). A court need not analyze both branches of the *Strickland* test if one of them is dispositive. Here the prejudice prong is dispositive. However much argument defense counsel might have made regarding the assessment of points under the Guidelines, it is inconceivable that he would have achieved more than a 50% downward departure.

In his Reply Defendant argues that if the enhancements had been lowered, 50% of the final Guideline Range would have been less than 180 months. But the Plea Agreement did not promise 50% of the bottom of the Guideline range, but 180 months. Dickey received precisely what he bargained for and does not attempt to repudiate the Plea Agreement or his guilty plea. A Rule 11(c)(1) agreed sentence is the proper endpoint of plea negotiations, not a starting point for further bargaining.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 26, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

4

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge